### NEUBURGER v. BLISS.

(Supreme Court, Appellate Term, First Department. April 14, 1914.)

GUARANTY (§ 36*)—CONSTRUCTION.

Defendant, the mortgagee of lots sold to B., who was constructing houses thereon, introduced plaintiff to B., from whom B. purchased specified plumbing and steam-heating supplies, defendant indorsing on the accepted estimates an agreement that when B. received his final payment on loans secured by him on each house, defendant would see that a check for the supplies was made out to plaintiff. *Held*, that such agreement was not an absolute guaranty of payment, but was at most a guaranty of payment of the particular goods covered by the estimates out of the funds payable to B. at the completion of each house and hence defendant was not liable for more than the amount of the supplies specified furnished for the houses completed.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. §§ 38–45; Dec. Dig. § 36.*]

Appeal from City Court of New York, Trial Term.

Action by Louis Neuburger against Louis E. Bliss. From a New York City Court judgment on a verdict in favor of plaintiff, and from an order denying a new trial, defendant appeals. Modified and affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

Bergman & Davis, of New York City (Henry K. Davis, of New York City, of counsel), for appellant.

David Harrison, of New York City, for respondent.

LEHMAN, J. In March, 1913, the defendant held mortgages on three lots which he had sold to one Henry Blumenthal. At that time Henry Blumenthal was building three separate houses on these lots, and obtained a building loan for the operation from the Yonkers Building & Loan Association. The defendant introduced the plaintiff to Blumenthal, and the plaintiff gave Blumenthal an estimate for the plumbing and steam-heating supplies. The price of the steam-heating supplies was $126 for each house, and the price of the plumbing supplies was $155 for each house, making a total of $843. The estimates were accepted in writing, and the defendant thereupon indorsed on the estimates as accepted:

"I, L. E. Bliss, agree to be on hand when Mr. Blumenthal received his final payment on each house, and see that a check for amount of this bill is made out."

The plaintiff thereafter furnished the materials called for by his contract, as well as extra material to the value of $78.92, amounting in all to $981.92. He gave credit of $60.04 for extra material delivered. He received a check for $200 on account, and brought suit against the defendant for the balance due on his contract, on the theory that the defendant had guaranteed payment of his account, and recovered the full amount of his claim, subject only to a deduction of $32.10, for freight charges paid at his request. This judgment is clearly erroneous. Under no possible circumstances can the agreement of the defendant be construed as an absolute guaranty of payment. At most it is a guaranty of payment of the particular goods covered by the estimates out of the funds payable to Blumenthal at the completion of the houses. The amount of the extra materials is not included in this guaranty. Moreover, it was shown that only two houses were completed by Blumenthal, and he never received any payment on the third house. There was therefore no breach of the guaranty to pay for the materials furnished for this house, because the condition on which the guaranty was based was never fulfilled. The trial justice correctly charged the jury on this point, but they paid no attention to his charge.

It follows that the judgment should be reduced to $269.86, with interest and costs in the lower court and, as modified, affirmed without costs on this appeal. All concur.